IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | | |
|---|---|---|
| HEATHER ERIN WYLIE, | ) | Cause No. CV 12-41-BU-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING SOME CLAIMS |
| | ) | AND DENYING MOTION FOR |
| MONTANA WOMEN'S PRISON; | ) | IMMEDIATE RELEASE |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

This case originally came before the Court on referral pursuant to 28 U.S.C. § 636(b)(1) and D. Mont. L.R. 72.2(a)(1). On October 29, 2012, the Court issued Findings and Recommendation concluding that several claims should be denied and ordering an Answer from Respondent ("the State") on others. On November 19, 2012, Wylie filed an objection and a motion to correct the record. In addition, on December 4, 2012, the Court issued Findings and Recommendation concluding that Petitioner Wylie's motion for immediate release should be denied.

On January 11, 2013, based on the parties' written consent, *see* Consents (doc.

26-1), the matter was reassigned to the undersigned for all further proceedings, including entry of judgment.

In her objections to the recommendation to dismiss claims, Wylie expresses concern over potential preclusive effect, in this action or a possible future civil lawsuit, of dismissal of some claims at this point.  But the recommendation merely identifies "claims that are *both* cognizable in habeas *and* capable of supporting relief." Findings and Recommendation (doc. 6) at 6 (emphases added).  Wylie may still refer to evidence or argument she initially made in connection with a dismissed claim to show the context of a claim that is going forward or to show that she was prejudiced as a result of a constitutional violation alleged in a claim that is going forward.

The only objection of substance is Wylie's contention that the State's multiple amendments of the charging document did, in fact, constitute double jeopardy.  But Counts 1 and 3 plainly charge two different offenses, *compare* Count 1 *with* Count 3, Corrected Am. Information (doc. 5-4 at 26-27), and amending an information multiple times before trial does not itself violate the Constitution.

Wylie's motion to correct the record (doc. 9) is moot.  Its allegations will be addressed along with Claims 1, 10, and perhaps 8.

Based on the foregoing, the Court enters the following:

## ORDER

1. Wylie's motion to correct the record (doc. 9) is DENIED AS MOOT.

2. Claims 2, 3, 5, 7, 9, 11, and 12 are DISMISSED.

3. Claims 1, 4, 6, 8, and 10 are DISMISSED except to the extent an Answer is required.

4. Wylie's motion for immediate release (doc. 13) is DENIED.

The Court will review the remaining claims in light of the parties' submissions to date. The Court will consider whether counsel should be appointed or an evidentiary hearing should be held. No further filings from either party are necessary at this time. When the review is completed, the Court will issue an Order setting forth the next step in the proceedings.

DATED this 16th day of January, 2013.

/s/ Carolyn S. Ostby
United States Magistrate Judge