IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

HEATHER ERIN WYLIE,                          Cause No. CV 12-41-BU-CSO

      Petitioner,

  vs.                                                                ORDER

MONTANA WOMEN'S PRISON;
ATTORNEY GENERAL OF THE
STATE OF MONTANA,

      Respondent.
_____

Petitioner Heather Wylie seeks a writ of habeas corpus, pursuant to 28 U.S.C.

§ 2254. She is a state prisoner proceeding pro se.

On January 11, 2013, based on the parties' written consent, this matter was

reassigned to the undersigned for all further proceedings, including entry of judgment.

28 U.S.C. § 636(c); Consents (docs. 26, 26-1).

**I. Background**

Wylie pled guilty to two counts of theft, violations of Mont. Code Ann. § 45-6-

301(1)(a). She was sentenced to serve ten years in prison on each count, consecutive,

for a total of twenty years.  Judgment (doc. 15-10) at 2, 3-4.  Many of her claims for

relief in this action have already been denied.  Order Denying Some Claims (doc. 27)

at 3 ¶¶ 2-3; Order to Show Cause (doc. 31) at 11 ¶ 1.  The following claims remain:

Claim 4:    Judge Newman had a conflict of interest because he presided in a related civil action from which he stood to benefit.

Claim 6:    The State never provided the discovery that was placed on corrupted CDs.

Claim 8:    (a)  Counsel failed to review all of the State's discovery to dispute guilt or to obtain a lighter prison sentence.

(b)  Counsel should have retained a defense expert to audit Sweeney's records to dispute guilt or to obtain a lighter prison sentence.

(c)  Counsel should have used the Lund Report to dispute guilt or to obtain a lighter prison sentence.

Claim 10:   (a)  Wylie did not provide a factual basis for her guilty plea because none existed.

(b)  Wylie's guilty plea was induced by someone's false promise to request only a probationary sentence.

The State filed its Answer and exhibits from the state court record on December

7, 2012, adding the sentencing transcript on December 18, 2012.  On January 2, 2013,

Wylie filed a Reply.  She also submitted additional motions and exhibits.

On June 3, 2013, the Court determined that these claims were not fairly

presented to the Montana Supreme Court and are procedurally defaulted. Order to Show Cause (doc. 31) at 4-9. Wylie was given an opportunity to excuse her procedural default. She was also advised of what she must show in order to do so. *Id.* at 9-11. She responded on June 20, 2013.

## II. Excuse for Procedural Default

Referring to Claim 6, Wylie explains she was not aware that the discs containing the State's discovery were unreadable until she personally received and unsuccessfully attempted to review them. That did not occur until she was in prison. Resp. to Order (doc. 32) at 1-3.

If the delay in Wylie's receipt of the discs actually prevented her from timely pursuing relief in state court, the delay would constitute cause to excuse her default. But she received the State's discovery on "Day 120" of the one-year period for filing a petition for postconviction relief. *Id.* at 1. Therefore, she was timely made aware of the underlying facts. Further, as she says, "[t]he discovery issues *were* presented to the Montana Supreme Court," *id.* at 3 (emphasis added) (citing Appellant Br. (doc. 15-14) at 3, 10, 21-25). But Wylie did not alert the Montana Supreme Court that she asserted a violation of her *federal* rights in connection with the discovery issues she raised. Her failure to do so is unexcused. Claim 6 is dismissed with prejudice.

The remainder of Wylie's response asserts prejudice but not cause. *See* Resp.

to Order (doc. 32) at 3-10.  Therefore, Claims 4, 8(a), (b), and (c), and 10(a) and (b) are also dismissed with prejudice.

### III. Motion for Reconsideration

Wylie asks the Court to reconsider the previous denial of Claim 1, asserting her actual innocence.  *See* Resp. to Order (doc. 32) at 11 ¶ 1.  While it is clear she disagrees with the disposition of the claim, she fails to identify any persuasive basis for reconsideration.  Her motion is denied.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Proceedings.  A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Wylie alleged twelve claims for relief.  *See* Order and Findings and Recommendation (doc. 6) at 4-5. Claim 1 alleged, in part, civil claims for false arrest, false imprisonment, a HIPPA violation, and use of double hearsay and leading

statements in the affidavit showing probable cause for the filing of charges. Claim 2 alleged excessive pretrial bail and delay in Wylie's receipt of notice of the filing of charges. Claim 3 alleged that counsel should have been appointed, but Wylie instead had to retain counsel. Claim 5 alleged civil claims against the complaining witness. Claims 11 and 12 challenged the amount of restitution. All of these claims were dismissed as not cognizable in habeas or as moot. There is no room for disagreement as to their dismissal.

Claim 1 also alleged actual innocence. Wylie was given an opportunity to support the claim, but she failed to do so. A reasonable jurist could not find clear and convincing evidence that Wylie did not commit the two counts of theft described in Counts 1 and 3 of the Corrected Amended Information (doc. 15-6).

Claim 4 was denied as to Judge Tucker's alleged conflict of interest because presiding over a dissolution proceeding, a criminal case, and sentence review in a different criminal case does not give rise to a conflict of interest. Claim 6 was denied to the extent it alleged that the State produced some discovery "only weeks prior" to Wylie's guilty plea. Claim 7 was denied because charges identifying different victims do not constitute double jeopardy and because, throughout the State's amendments of the charging document, Wylie had ample notice of what was being alleged and of the facts underlying the allegation. Claim 9 alleged denial of a continuance at sentencing,

but the continuance was denied because counsel had more than three weeks' advance notice of the sentencing date, and Wylie did not even allege that she or counsel were unable to review the presentence report. Claim 10 alleged, in part, that the prospect of other charges or more significant penalties was used to induce Wylie to plead guilty, but that is not unconstitutional. All these claims were denied for lack of merit.

The remaining claims, Claims 4, 6, 8(a), (b), and (c), and 10(a) and (b), are set forth above at page 2 of this Order. The facts underlying these claims were known to Wylie when she was pursuing state postconviction relief. Yet she failed to alert the Montana Supreme Court that she asserted violations of *federal* rights; she did so in some portions of her briefs with respect to other claims, but not as to Claims 4, 6, 8(a), (b), or (c), or 10(a) and (b).

Wylie was given an opportunity to show cause and prejudice to excuse her default or to meet the somewhat lesser threshold of "procedural" actual innocence to allow the Court to consider the merits of her claims. Order to Show Cause (doc. 31) at 10-11. She was not able to do so. Further, her showing of prejudice, even on the relatively low standard appropriate to a certificate of appealability, is not adequate. *See id.* at 3-5; *see also* Plea Agreement (doc. 15-7) at 3 ¶ 10; 3-4 ¶¶ 13-16; 4-5 ("Sentence").

None of Wylie's claims meets the standard. A certificate of appealability is denied as to all claims.

## V. Motion for Order re: Legal Mail

On February 6, 2013, Wylie moved the Court to order jail staff to produce to her the legal- mail log kept by the prison so that she could verify whether particular documents she intended to file with this Court were mailed out. It appears that, on one occasion, three pages were not correctly copied and, as a result, were not sent to the Court with the document of which they were a part. *See* Notice of "Missed Documents" (doc. 28) at 1. She supplied the missing pages.[1] *Compare* Notice and Clarification Ex. Tr. 1-51 (doc. 29-2 at 45-46); *id.* Ex. Tr. 52-99 (doc. 29-3 at 34-35, 49-50) (omitting pages with footer reading "Transcript 46," "Transcript 84," "Transcript 100"), *with* Notice of Missed Documents Ex. (doc. 28-1 at 1-3) (pages with footer reading "Transcript 46," "Transcript 84," "Transcript 100").

The Court has borne this issue in mind throughout these proceedings, since November 29, 2012, when Wylie contacted the Court by telephone regarding a motion for release. *See* Staff Note (Nov. 29, 2012); *see also* Mot. for Release (doc. 13) (filed Dec. 3, 2012). It is confident that Wylie has had ample opportunity to present and

---

[1] In fact, the missing pages were received and docketed one day before the document from which they were omitted.

support her claims. She has not missed any filing deadlines in this Court. She received, albeit with minimal delay, and was able to comment at length on the materials sent to her by the State. Whatever the facility's legal-mail policy may be, mail sent by a litigant to the Court and mail sent to a litigant by the Court is a matter of public record and is not subject to claims of privilege. *See* D. Mont. L.R. 1.3(a)(2), (b)(2).

Wylie's motion is denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Wylie's motion for reconsideration of the denial of Claim 1 is DENIED.

2. Wylie's motion for an order regarding her legal mail (doc. 30) is DENIED. The Clerk shall unseal and enter in the public record of the case the Staff Note of November 29, 2012.

3. Claims 4, 6, 8(a), (b), and (c), and 10(a) and (b) are DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

4. A certificate of appealability is DENIED as to all claims.

5. The Clerk of Court shall enter judgment, by separate document, in favor of Respondents and against Petitioner.

6. No further motions for reconsideration will be entertained.

DATED this 25th day of June, 2013.

/s/    *Carolyn S. Ostby*
United States Magistrate Judge